Citation Nr: 1736734 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 10-47 292 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for a left knee condition, to include as secondary to the service-connected right knee condition.

2. Entitlement to a total disability rating based on individual unemployability (TDIU). 


REPRESENTATION

Appellant represented by: The American Legion


WITNESSES AT HEARING ON APPEAL

The Veteran and his wife




ATTORNEY FOR THE BOARD

M. Lavan, Associate Counsel


INTRODUCTION

The Veteran served on active duty from September 1980 to December 1985. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from a January 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. 

In April 2014, the Veteran testified at a Board hearing before the undersigned Veterans Law Judge. A transcript of this proceeding is associated with the claims file. 

This matter came before the Board in August 2016, at which time the Board remanded for a VA medical opinion. The matter has been properly returned for appellate consideration and the Board is satisfied that there has been substantial compliance with the remand. Stegall v. West, 11 Vet. App. 268 (1998). 


FINDINGS OF FACT

1. The Veteran's left knee disorder manifested many years following service, and is otherwise not related to service, nor was it caused or aggravated by the service-connected right knee condition.

2. The Veteran's service-connected disability does not satisfy the threshold criteria for a TDIU and the claim does not warrant extraschedular consideration. 


CONCLUSIONS OF LAW

1. The criteria for service connection for a left knee disorder, to include as secondary to the service-connected right knee condition, have not been met. 
38 U.S.C.A. §§ 1110, 1111, 5103(a), 5103A, 5107 (West 2014); 38 C.F.R. § 3.159, 3.303, 3.304, 3.310 (2016).

2. The criteria for a TDIU have not been met. 38 U.S.C.A. §§ 1155, 5103(a), 5107(b) (West 2014); 38 C.F.R. §§ 3.341, 4.16(a), 4.25 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Board has thoroughly reviewed all the evidence in the Veteran's claims file. In every decision, the Board must provide a statement of the reasons or bases for its determination, adequate to enable an appellant to understand the precise basis for the Board's decision, as well as to facilitate review by the Court. 38 U.S.C. § 7104(d)(1); see Allday v. Brown, 7 Vet.App. 517, 527 (1995). Although the entire record must be reviewed by the Board, the Court has repeatedly found that the Board is not required to discuss, in detail, every piece of evidence. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000); Dela Cruz v. Principi, 15 Vet. App. 143, 149 (2001) (rejecting the notion that the Veterans Claims Assistance Act mandates that the Board discuss all evidence). Rather, the law requires only that the Board address its reasons for rejecting evidence favorable to the appellant. See Timberlake v. Gober, 14 Vet. App. 122 (2000). The analysis below focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claim. The appellant must not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake, infra. 

The Board finds that VA's duties to notify and assist have been met and all due process considerations have been satisfied. Except as discussed herein, the Veteran has not raised issues with the duties to notify or assist. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board . . . to search the record and address procedural arguments when the veteran fails to raise them before the Board"); Dickens v. McDonald, 814 F.3d 1359 (Fed. Cir. 2016) (applying Scott to the duty to assist). Moreover, although new evidence was received after the February 2017 Supplemental Statement of the Case, the Veteran's representative waived initial consideration of the evidence by the AOJ in July 2017. 

Further, the Veteran has not alleged any deficiency with the conduct of his hearing before the undersigned with respect to the duties discussed in Bryant v. Shinseki, 23 Vet. App. 488, 496-97 (2010). In this regard, the Federal Circuit ruled in Dickens v. McDonald, 814 F.3d 1359 (Fed. Cir. 2016) that a Bryant hearing deficiency was subject to the doctrine of issue exhaustion as laid out in Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). Thus, the Board need not discuss any potential Bryant problem because the Veteran has not raised that issue before the Board.

The pertinent regulations were provided to the Veteran in the Statement and Supplemental Statements of the Case and will not be repeated here.

Service Connection for a Left Knee Disorder

The Veteran contends that his current left knee arthritis is related to service or, in the alternative, was caused or is aggravated by his service-connected right knee disorder. 

The Board considered whether the Veteran is entitled to presumptive service connection for his left knee arthritis under 38 C.F.R. §§ 3.303(b). The Board finds, however, that the Veteran is not entitled to presumptive service connection. Service records show that the Veteran complained of ongoing left knee pain in February 1985. It was assessed as "r/o displaced patella" and a knee supporter was prescribed. A March 1985 treatment record shows crepitus and patellar facet pain in both knees, with the right knee worse than the left. Range of motion test results were within normal limits for the left knee. The Veteran was ultimately discharged due to severe chondromalacia patella of the right knee. Relevant Medical Board reports from May and September 1985 did not address a left knee disorder. 

The Veteran filed for service connection for his left knee in May 1996 and indicated that he had undergone no treatment for his left knee since separation from service. Indeed, the record does not document complaints of left knee issues until a March 2007 VA joints examination, when he reported that his left knee had begun to bother him. 

In light of the medical and lay evidence, the Board finds that the left knee arthritis did not manifest in service in service or to a compensable degree within one year of service separation, and there is no evidence of a continuity of symptomatology since service. The Board thus finds that the Veteran is not entitled to presumptive service connection for the left knee arthritis. 

That does not end the inquiry, however. Service connection can still be granted on a direct basis for a disability that begins after service if it is related to an in-service disease or injury, or if it is caused or aggravated by a service-connected disability. The Board finds, however, that the Veteran's left knee arthritis does not warrant direct service connection as the evidence does not demonstrate that his current disorder is related to service. Secondary service connection is likewise not warranted as the evidence does not demonstrate his left knee condition was caused or aggravated by his service-connected right knee condition. 

In making this determination, the Board found the February 2017 VA medical opinion to be highly probative. After a thorough review of the relevant medical records and lay contentions, the examiner opined that the Veteran's left knee disorder was less likely than not related to service because the service records do not show a persistent left knee condition and the left knee arthritis manifested many years after separation from service. The examiner also opined that the right knee disorder did not cause or aggravate the left knee arthritis because the medical records did not demonstrate an unsteady right knee joint that could result in injury to the left knee and the medical literature does not support that an injured knee will adversely impact the other, unaffected knee. The examiner also relied on x-rays of the left knee, which show that the left knee arthritis has been mild "for a considerable period of time" and if there had been aggravation from the right knee, "more marked degenerative changes should be been demonstrated" in the left knee. 

The examiner's opinions are supported by the various VA joints examinations that have been afforded to the Veteran throughout the period on appeal. The Board found these opinions probative to the extent they were supported by the factual and medical record. Importantly, there are no medical records that support the Veteran's claim. Although a VA examiner opined in December 2009 that "it is possible that his symptoms in his left knee could have been aggravated" by increased reliance on the left knee, the same examiner stated in February 2011 that she "cannot assume the left knee disability was aggravated by the right knee disability, as the natural progression of the left knee may have been the same regardless." She concluded that it was difficult to provide an opinion without mere speculation because the "rate at which the disease progresses is very individualized and difficult to predict." In light of the speculative nature of both opinions, the Board found neither probative. 

The Board considered the Veteran's contentions that his left knee arthritis is related to service and/or his service-connected right knee disability. As a lay person, however, the Veteran is not competent to render such an etiology. The Board also considered the Veteran's statements that his service-connected right knee is unstable. The objective medical evidence shows, however, that he has normal muscle strength and joint stability. Moreover, the Veteran denied falls in the past 12 months at a VA fall risk screening in April 2016.

In light of the evidence, including the Veteran's service records, SSA records, private and VA treatment records, and VA examinations, the Board finds that the left knee disorder is not related to service, nor is it caused or aggravated by the service-connected right knee condition. As the preponderance of the evidence is against the Veteran's claim, the benefit-of-the-doubt rule does not apply and service connection is denied. See 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 54-56 (1990). 




TDIU Analysis

A TDIU may be assigned when the disabled veteran is, in the judgment of VA, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. If there is only one such disability, it must be rated at 60 percent or more; if there are two or more disabilities, at least one disability must be rated at 40 percent or more, with sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a). 

The Veteran does not meet the initial eligibility requirements to receive TDIU benefits because he is only rated at 10 percent for the service-connected right knee disability. See 38 C.F.R. § 4.16(a). 

If a claimant does not meet the threshold criteria, a total disability evaluation may still be assigned, but on a different basis. It is the established policy of VA that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. 38 C.F.R. 
§ 4.16(b). The rating boards are required to submit all cases of veterans who are unemployable by reason of service-connected disabilities, but who fail to meet the percentage standards, to the Director of Compensation Service for extraschedular consideration. Id.

The Board finds that the evidence does not warrant referral for extraschedular consideration. While the Veteran contends that he is entitled to a TDIU solely because of his service-connected right knee disability, the weight of the evidence shows that the Veteran is unemployable due to a multitude of nonservice-connected disabilities in addition to his right knee. 

The Veteran applied for a TDIU in April 2015. At that time, he had a high school education and experience as an auto mechanic. He also owned his own auto mechanic business. SSA records show that he has been retired since May 21, 2010, when he fell and injured his lower back. At that time, the Veteran's wife took over their auto mechanic business. In November 2013, the SSA determined that the Veteran has been unable to engage in substantially gainful activity since May 21, 2010 due to degenerative disc disease of the lumbar spine and osteoarthritis of both knees. 

The Veteran has been afforded several VA knee examinations, none of which indicate that the right knee disability alone renders the Veteran unable to obtain or maintain employment. In December 2009, the examiner reported that the knee caused decreased mobility and pain, and had mostly mild to moderate effects on the Veteran's usual daily activities. In September 2014, the examiner documented that the right knee disability caused limitation of motion, pain on movement, and swelling in the right knee and opined that the disability does impact his ability to work because prolonged weight-bearing aggravates the condition. 

The Board finds that the facts are not sufficient to warrant referral to the Director of Compensation Service for consideration of an extraschedular TDIU. The medical evidence overwhelmingly indicates that the Veteran's right knee disability, alone, does not prevent him from obtaining or maintaining substantially gainful employment. Instead, the evidence shows that the Veteran is unable to obtain employment due to several nonservice-connected conditions in addition to his right knee disability. As the preponderance of the evidence is against the Veteran's claims, the benefit-of-the-doubt rule does not apply and entitlement to a TDIU is denied. See 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 54-56 (1990). 


ORDER

Service connection for the left knee condition, to include as secondary to the service-connected right knee disorder, is denied.

Entitlement to a TDIU is denied.


____________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs